UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Event Sales, Inc., | No. 23-cv-3444 (KMM/ECW) |
| Plaintiff/Counter-Defendant, | |
| v. | **ORDER** |
| The TJX Companies, Inc.; Federal Express Corporation, *a Delaware Corporation*; and FedEx Ground Package System, Inc., *a Delaware Corporation*; | |
| Defendants/Counter-Plaintiffs. | |

---

Before the Court is Plaintiff Event Sales, Inc.'s request for permission to file a motion to reconsider the Court's Order granting summary judgment in favor of Defendant TJX Companies, Inc. [Dkt. No. 99.] Specifically, Event Sales seeks reconsideration of the Court's determination of damages on TJX's breach-of-contract counterclaim. TJX filed a letter opposing that request. [Dkt. No. 101.] For the following reasons, Event Sales's request is denied.

A party seeking reconsideration of an order must obtain the court's permission to file a motion for reconsideration. D. Minn. LR 7.1(j). To obtain such permission, "[a] party must show compelling circumstances." *Id*. That is because motions for reconsideration serve the limited purpose of "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). Indeed, a motion to reconsider "should not be employed to relitigate old issues but to afford an opportunity for relief in extraordinary circumstances."

*Clear Channel Outdoor, Inc. v. City of St. Paul*, 642 F. Supp. 2d 902, 909–10 (D. Minn. 2009) (quoting *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993)).

The Court has closely reviewed the parties' letters and concludes that there is no manifest error of law or fact warranting permission for Event Sales to file a motion for reconsideration. In its letter, Event Sales argues that the Court's determination of damages relating to TJX's counterclaim "rests on a disputed factual issue that was not substantively addressed in the Order," suggesting that this highlights an "error arising from oversight or omission." [Dkt. No. 99.] But the Court did not overlook the issue. As TJX points out, the Court considered and rejected Event Sales's arguments about whether an enforceable contract existed between the parties from December 1, 2022 and March 30, 2023, and the ruling on damages set forth in the Order granting summary judgment in favor of TJX reflects the Court's determination that such a contract existed. [*See* Dkt. No. 87.]

Therefore, the Court finds that Event Sales's letter seeks to reargue matters the Court has already considered and presents a disagreement with the Court's ruling. *See Clear Channel Outdoor, Inc.*, 642 F. Supp. 2d at 909 (stating that motions to reconsider should not be used "to relitigate old issues"). The appropriate forum for such an argument is an appeal. The request for permission to file a motion to reconsider is **DENIED**.

Date: October 8, 2025                             s/Katherine Menendez
                                                  Katherine Menendez
                                                  United States District Judge