UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Event Sales, Inc.,

    Plaintiff/Counter-Defendant,

v.

The TJX Companies, Inc.; Federal Express Corporation, *a Delaware Corporation*; and FedEx Ground Package System, Inc., *a Delaware Corporation*;

    Defendants/Counter-Plaintiffs.

No. 23-cv-3444 (KMM/ECW)

**ORDER**

    This action arises from a contract dispute between the parties, who operated under an agreement ("Salvage Agreement") that Plaintiff Event Sales, Inc. would purchase merchandise from Defendant The TJX Companies, Inc. and pay for it upon delivery. In 2023, Event Sales sued TJX for breach of contract. In response, TJX asserted a breach-of-contract counterclaim against Event Sales, alleging that Event Sales had failed to provide payment as required by the agreement. In July 2025, the Court granted summary judgment in favor of TJX on its counterclaim, determining that Event Sales owes TJX $1,115,832.22 in unpaid remittances and dismissing Event Sales' claims against TJX. (Dkt. 87 at 41, 43.) Since then, the parties have been working to resolve any outstanding issues before an entry of final judgment.

    Before the Court is TJX's Motion to Determine the Amount of Pre-Judgment Interest as it relates to the judgment for TJX's breach-of-contract counterclaim. (Dkt. 102.) TJX requests that the Court issue "an Order Awarding Pre-Judgment Interest in the amount

1

of $491,550.52 through September 29, 2025, with an additional $550.27 [for] each day until judgment is entered." (*Id.* at 1.) Event Sales counters that "the maximum interest TJX can claim . . . is $58,983.50." (Dkt. 108 at 1.) For the reasons discussed below, the Court grants TJX's motion.

## ANALYSIS

In diversity actions, "state law controls the award of pre-judgment interest." *Weitz Co. v. MH Wash.*, 631 F.3d 510, 528 (8th Cir. 2011). Here, the parties' agreement states, and the parties agree, that Massachusetts law governs "all matters arising out of or relating to [the] [a]greement . . . without limitation," including this dispute.[1] (Dkt. 67 at 5, § 11.12; *see* Dkt. 103 at 3; Dkt. 108 at 2.) Under the relevant Massachusetts law:

> In all actions based on contractual obligations, upon a . . . finding or order for judgment for pecuniary damages, interest shall be added . . . to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand.

Mass. Gen. Laws ch. 231, § 6C (2026). The agreement sets the rate of pre-judgment interest at "1.5% per month" and defines the date of breach as "sixty (60) days of each month end" after delivery. (*See* Dkt. 67 at 2, § 2.1–2.2.)

It is undisputed that Event Sales stopped paying for merchandise it received from TJX beginning with the December 2022 shipment but continued to receive merchandise through July 2024. (Dkt. 87 at 40–41.) The merchandise totals 208,070 cartons, which accounts for a deduction of 55,297 cartons that Event Sales claimed were not saleable.

---

[1] The parties agree that Massachusetts law governs their agreement. (*See* Dkt. 103 at 3; Dkt. 108 at 2.)

2

(Dkt. 104 at 2, ¶ 4; *see* Dkt. 87 at 41.) And, according to the agreement, interest began accruing on each late payment at a rate of 1.5% per month, or eighteen percent per annum. From those undisputed facts, TJX's damages expert calculated the interest accrued on each shipment from the relevant period through September 29, 2025, when TJX filed its Motion to Determine the Pre-Judgment Interest. (Dkt. 104-1 at 2.) That amount totals $491,550.52. (*Id.*; *see also* Dkt. 104 at 3.) Then, based on that amount, the expert calculated a daily interest rate of 0.049 per cent using the following formula: "1.5% per month * 12 months = 18% / 365 days = .049% per day * $1,115,832 = $550.27." (Dkt. 104-1 at 2 n.3.)

From September 30, 2025, to the date of this Order, 114 days have passed, resulting in an additional $62,730.78 in pre-judgment interest. Therefore, the Court determines that TJX is entitled to a total of $554,281.30 in pre-judgment interest.

Event Sales does not address or point out any errors in the calculations or methods used by TJX's damages expert. Instead, in arguing that TJX cannot recover more than $58,983.50 in pre-judgment interest, Event Sales appears to maintain that the agreement was not binding or valid during the relevant period. (*See* Dkt. 108 at 2, 5–6.) However, as the Court noted in its summary-judgment order, and again when the Court denied Event Sales' request for permission to file a motion to reconsider, the Court has already concluded that the terms of the Salvage Agreement were binding on the parties throughout the relevant period and that, under the agreement, TJX is entitled to $1,115,832 in damages on its counterclaim. (*See* Dkt. 87 at 41; Dkt. 107 at 2.) To the extent that Event Sales' argument as to the proper amount of pre-judgment interest challenges these determinations, the Court declines to consider them.

3

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant/Counter-Plaintiff TJX's Motion to Determine the Amount of Pre-Judgment Interest (Dkt. 102) is **GRANTED**. In addition, the Clerk of Court is **HEREBY DIRECTED** to enter Judgment in this matter consistent with the Court's Summary Judgment Order (Dkt. 87) and the conclusions herein regarding prejudgment interest, as set forth in the following paragraphs.

1. FedEx's Motion for Partial Summary Judgment (Dkt. 51) is **GRANTED** as follows:

    a. Plaintiff Event Sales, Inc.'s claim against FedEx for a declaratory judgment (Count IV) is **DISMISSED**; and

    b. FedEx is entitled to judgment as a matter of law on its breach-of-contract counterclaim against Event Sales in the amount of $6,291,636.39 for unpaid shipping costs incurred by Event Sales between December 2022 and June 12, 2023.

2. TJX's Motion for Summary Judgment (Dkt. 58) is **GRANTED** as follows:

    a. Plaintiff Event Sales, Inc.'s claims against TJX for breach of contract (Count 1), unfair business practices under Minn. Stat. § 325F.69 (Count II), unjust enrichment (Count III), and for a declaratory judgment (Count IV) are **DISMISSED**;

    b. TJX is entitled to judgment as a matter of law on its breach-of-contract counterclaim against Event Sales, Inc. in the amount of $1,115,832; and

    c. Event Sales, Inc. shall pay $554,281.30 in prejudgment interest to TJX.

3. TJX's Motion to Exclude Expert Testimony (Doc. 60) is **DENIED WITHOUT PREJUDICE**.

**Let judgment be entered accordingly.**

Date: January 22, 2026                               *s/Katherine M. Menendez*
                                                                         Katherine M. Menendez
                                                                         United States District Judge