# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Event Sales, Inc.,

      Plaintiff/Counter-Defendant,

v.

The TJX Companies, Inc.; Federal Express
Corporation, *a Delaware Corporation*; and
FedEx Ground Package System, Inc., *a
Delaware Corporation*;

      Defendants/Counter-Plaintiffs.

No. 23-cv-3444 (KMM/ECW)


**ORDER**

Before the Court is Defendant/Counter-Plaintiff The TJX Companies, Inc. ("TJX")

unopposed Motion to Correct the Judgment, filed on February 4, 2026. (Dkt. 112.) Citing

Rule 60(a) of the Federal Rules of Civil Procedure, TJX asks the Court to "correct[] the

Judgment entered on January 23, 2026 (Dkt. 111) to reflect the parties' joint submission

stipulating to TJX's entitlement to expert witness and attorney fees [totaling] $130,000

and taxable costs in the amount of $20,000 (Dkt. 95) and the Court's Amended Order

accepting the parties' stipulation (Dkt. 98)." (Dkt. 112 at 1.)

Rule 60(a) provides in relevant part that the Court "may correct a clerical mistake

or a mistake arising from oversight or omission whenever one is found in a judgment[.]"[1]

---

[1] After TJX filed its motion, Event Sales filed an intervening Notice of Appeal to
the United States Court of Appeals for the Eighth Circuit. Although a pending appeal
generally divests this Court of jurisdiction over the case, the rule is not absolute. Most

As noted by TJX, the parties previously stipulated that the final judgment would include, in addition to the appropriate amount of pre-judgment interest, "Event Sales's payment of $130,000 in expert witness and attorney fees to TJX" and "Event Sales's payment of $20,000 in taxable costs to TJX[.]" (Dkt. 113 at 1–2 (citing Dkt. 95).) Event Sales does not dispute that or otherwise challenge the motion. But the Court failed to include these amounts in the final judgment it ordered, focusing only on the issue of prejudgment interest.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.    TJX's Motion to Correct the Judgment (Dkt. 112) is **GRANTED**; and

2.    The judgment entered on January 23, 2026 (Dkt. 111) is amended to include an award of expert witness and attorney fees in the amount of $130,000 and taxable costs in the amount of $20,000 in favor of Defendant/Counter-Plaintiff TJX. The Clerk of Court is **HEREBY DIRECTED** to enter an amended Judgment in this matter consistent with this Order.

**Let judgment be entered accordingly.**

---

courts have concluded that district courts retain authority to correct clerical errors in a judgment while an appeal is pending. *See, e.g., Madura v. BAC Home Loans Servicing, LP*, 655 F. App'x 717, 723 (11th Cir. 2016) (noting that, after a notice of appeal has been filed, "[a] district judge retains the authority . . . [to] correct clerical errors."); *Loc. 1545, United Mine Workers of Am. v. Inland Steel Coal Co.*, 876 F.2d 1288, 1291 n.4 (7th Cir. 1989) ("The district court had the authority to make a clerical correction [under Rule 60(a)] even after the notice of appeal had been filed."). Because the Court's basis for granting TJX's motion, as explained below, comes from the parties' stipulation to include the $150,000 that was inadvertently omitted from the final judgment, the Court's order merely corrects a clerical error.

3

Date: February 25, 2026                    *s/Katherine M. Menendez*

                                           Katherine M. Menendez
                                           United States District Judge